STATE OF LOUISIANA      *      NO. 2024-K-0733

VERSUS      *      COURT OF APPEAL

JARVIS TURNER      *      FOURTH CIRCUIT

     *      STATE OF LOUISIANA

     *

     *

     * * * * * * *

SCJ      **JENKINS, J., DISSENTS WITH REASONS.**

In *State v. Harrison,* 2022-0213, pp. 2-3 (La. App. 4 Cir. 5/11/22), 340 So.3d 159, 162-63, this Court summarized Louisiana's law on a defendant's right to testify in his own defense as follows:

> A defendant has a constitutional right to testify in his own defense. La. Const. art. I, § 16; *State v. Dauzart*, 99-3471, pp. 6-7 (La. 10/30/00), 769 So.2d 1206, 1207-08. The Louisiana Supreme Court has held that the denial of the right to testify, after a criminal defendant unequivocally makes known his desire to do so, is not [amenable] to a harmless error analysis. *State v. Hampton*, 000522, p. 10 (La. 3/22/02), 818 So.2d 720, 727. When a criminal defendant does not take the stand to testify, a court should presume he has knowingly and voluntarily waived his right to do so. *Id.* A defendant can only rebut such presumption by showing that his attorney caused him to forego his right to testify. *Id.* at 729. To make that showing, a defendant must: (1) allege specific facts, and present an affidavit by his trial attorney, from which a court can reasonably find that the attorney informed the defendant "that he was legally forbidden to testify or in some similar way compelled him to remain silent;" and (2) demonstrate that the record would support a finding that those specific factual allegations would be credible. *Id.* at 729-30.

At Defendant's post-conviction hearing, his specific evidence in support of his allegation that his trial counsel deprived him of the right to testify included affidavits from his criminal defense attorney, Christine Lehmann; law professor D. Majeeda Snead; criminal defense attorney Richard Bourke; and investigator, Nicole Heisser, along with testimony provided by Defendant. Ms. Lehmann,

1

Professor Snead and Mr. Bourke interacted with Defendant after his conviction. Their affidavits, in general, attested to conflicts of interest between Defendant and his trial counsel, Defendant's complaint that he had been unable to contact trial counsel during his pending first-degree murder case, and his assertion that he had been pressured into taking a plea on his manslaughter case. The affidavit of Investigator Heisser, who began work for Defendant in 2007, stated, in pertinent part, that she observed Defendant express his desire to trial counsel during the trial that he wanted to testify and trial counsel's answer was "no;" and that after the trial, Defendant said that trial counsel should have let him testify.

Defendant testified at the post-conviction hearing that he "spoke to Mr. Hawkins [trial counsel] about [his interest in testifying] at court. He said he believed he would testify until the time the State rested his case. He maintained:

> [A]s time progressed within the trial, I seen he wasn't calling me to testify in my own behalf. So I took the initiative to get his attention. And he shushed me a few times. And then I finally got his attention and told him, "Man, look, I want to get on the stand and speak in my own behalf." And he full out told me, No, I was not doing it and it was his decision and not mine.

At the conclusion of the evidentiary hearing, the trial court granted Defendant's post-conviction application. The trial delineated its reasons in its *per curiam* as follows:

> This court conducted an evidentiary hearing concerning Jarvis Turner's petition for post[-]conviction relief over two settings. On May 8, 2024, both petitioner and the state stipulated to the admission of multiple evidentiary documents, including the affidavit of Nicole Heisser, who has firsthand knowledge of Mr. Turner's interactions with his counsel before, during, and after trial. On June 26, 2024, this court heard testimony from Mr. Turner detailing his futile attempts to testify on his own behalf at his trial. Unfortunately, this Court did not hear from Mr. Turner's counsel at the time, Mr. Edwin Hawkins.
>
> On February 22, 2008, attorney Hawkins was suspended from practice for "knowingly and intentionally violating duties owed, and causing harm to his clients and the legal profession". Relying upon defense counsel's representations, Mr. Hawkins has been unwilling to contribute or participate in Mr. Turner's post-conviction proceedings; therefore, this court has not had the benefit of hearing Mr. Hawkins'

recollection of his dealings with Mr. Turner. Given the affidavit of Ms. Heisser and the testimony of Mr. Turner, this court believes petitioner's claim that he was denied the right to testify on his own behalf is credible.

The Louisiana Supreme Court has held that the denial of a defendant's right to testify is structural. *State* v. *Horn,* 251 So.3d 1069, *State* v. *Dauzart,* 769 So.2d 1206, 1210-11 (La. 2000) and *State* v. *Hampton,* 2000-0522 (La. 3/22/02), 818 So.2d 720. Therefore, this court is convinced that petitioner's trial was subject to a structural constitutional defect, which merits post-conviction relief.

Appellate courts review a district court's factual findings under a deferential standard; whereas, legal findings are subject to a *de novo* review. *State v. Hunt*, 2009-1589, p. 6 (La. 12/1/09), 25 So. 3d 746, 751 (citing *State v. Hampton*, 98-0331, p. 18 (La. 4/23/99), 750 So. 2d 867, 884. In the present matter, the trial court's *per curiam* reflects that it found Defendant's testimony and Investigator Heisser's affidavit credible that trial counsel denied Defendant his right to testify at trial. As to the evidentiary requirement that Defendant produce an affidavit and/or testimony from his trial counsel to rebut the presumption that Defendant's decision not to testify was voluntary, the trial court relieved Defendant of this obligation based on its findings that trial counsel, who has been suspended from the practice of law, "has been unwilling to contribute or participate in Mr. Turner's post-conviction proceedings."

Based on a review of the post-conviction transcript proceedings, the trial court's *per curiam*, and the applicable law, I find no error in the trial court's ruling that Defendant met his burden of proof to show he was deprived of his right to testify. Accordingly, I respectfully dissent and would deny the State's writ application.